UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY SOLLAZZO | CIVIL ACTION NO. 22-237 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ALLIED UNIVERSAL | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is a second motion to dismiss filed by Defendant Universal Protection Service, LLC, *d/b/a* Allied Universal Security Services ("Allied Universal") [Record Document 11]. The motion has been fully briefed. For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

### I.   Background

Plaintiff Anthony Sollazzo ("Sollazzo") filed a pro se complaint alleging employment discrimination, harassment, and retaliation. Although neither party provides any context regarding his employment or role with Allied Universal, it appears that Sollazzo was working as a security guard at a Bossier City, Louisiana residential community during the relevant period. *See* Record Document 10 at 4. First, Sollazzo avers that his coworker, Deborah Sanders ("Sanders"), discriminated against him for being Muslim. Sollazzo claims that in late December 2020, Sanders told him that her cousin was also Muslim and asked him why he did not worship Jesus Christ. *Id.* at 7. Sollazzo alleges that the two engaged in a brief discussion before she followed him to his car "screaming Jesus is God and every knee shall bow." *Id.* Sollazzo also claims that on August 18, 2021, Sanders approached him

to tell him that Islam is "a stupid religion." *Id.* Sollazzo claims that he reported these incidents to management, who advised him that he should avoid Sanders. *Id.*

Second, Sollazzo alleges that Allied Universal promotes a hostile work environment where harassment is permitted. He alleges that a resident took photographs of his car because the resident had previously observed the guards sleeping during their shifts. *Id.* Another time, Sollazzo represents that vehicles were "prowling the guard shack by u-turning at the entrance to see if [he] was asleep." *Id.* Sollazzo also alleges that he was harassed when a "resident beeped his horn repeatedly to annoy [him] while [he] used the restroom." *Id.* He claims that this particular incident also constituted retaliation for exercising his "human right to take restroom breaks without being scrutinized or disciplined by his employer." Record Document 17 at 1. Sollazzo further alleges that a coworker filed a complaint against him for applying bug spray near the guard station. Record Document 10 at 7. He represents that he reported these incidents of harassment to management but does not indicate whether anyone at Allied Universal followed up with him. *Id.*

Finally, Sollazzo brings a retaliation claim against Allied Universal. In his complaint, Sollazzo alleges that an unnamed manager retaliated against him for sharing his phone number with Marion Charles ("Charles")[1] for the purpose of discussing the Equal Employment Opportunity Commission ("EEOC") and the hostile work environment at Allied Universal. *Id.* Sollazzo claims that he was told that he could be transferred or

---

[1] In his First Amended complaint, Sollazzo writes the name "Marion Charles" next to his in the "Plaintiff" field. *See* Record Document 10 at 1. However, Charles is not a Plaintiff in this case.

2

terminated for possessing a taser, a conversation that took place after he was questioned about his interactions with Charles. *Id.* On August 19, 2021, Allied Universal informed Sollazzo that he was being transferred to another site because "the client [said he] didn't stop a car that had a rifle in the trunk." *Id.* During this interaction, Sollazzo claims that he "balled up" a piece of paper that his supervisor gave him with his new work site's address. *Id.* Sollazzo alleges that his supervisor intentionally misinterpreted this action as Sollazzo's resignation. *Id.* He claims that he texted management that he did not intend to resign. *Id.* It is unknown what occurred thereafter.

Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").[2] *See id.* at 4-5, 7. Defendant previously filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Record Document 4. Although the Court found Plaintiff's complaint to be plainly deficient, it nonetheless denied Defendant's original motion and provided Plaintiff an opportunity to cure the complaint's deficiencies. Record Document 9 at 1. The Court permitted Defendant to file a second motion to dismiss within fourteen days of the filing of Plaintiff's amended complaint. *Id.* at 2. The foregoing motion followed, wherein Defendant seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6). Specifically, Defendant avers that Plaintiff failed to plead that he has exhausted his administrative remedies with the EEOC or that he has a viable Title VII claim. Record Document 11-1 at 4-5. Plaintiff does not discuss the EEOC in his opposition, nor does he raise any legal arguments or provide any evidence in opposition to Defendant's assertion

---

[2] 42 U.S.C. § 2000e.

3

that he has not exhausted all administrative remedies. Instead, he simply requests that the Court deny Defendant's motion because "witnesses will need to be summoned by subpoena, [d]ocuments may need to be produced, testimony needs to be heard that will help the plaintiff prove his claim beyond a reasonable doubt and find the defendant guilty of the violation of law." Record Document 17 at 1-2.

## II. Law and Analysis

### a. Rule 12(b)(6) Standard

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court may dismiss an

otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678-79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### b. Exhaustion of Administrative Remedies

In cases alleging employment discrimination and retaliation, a plaintiff *must* exhaust all administrative remedies before he can file suit in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (emphasis added). "Filing a timely charge of discrimination with the EEOC is a precondition to filing a civil action in federal court." *Mayes v. Off. Depot, Inc.*, 292 F. Supp. 2d 878, 887 (W.D. La. 2003) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)). In "deferral states," such as Louisiana, a plaintiff is afforded 300 days from the alleged discrimination to file a charge, provided it includes a state law discrimination claim. *Id.* at 888; *see also* La. R.S. § 23:303. A sufficient charge should contain "[t]he full name and contact information of the person against whom the charge is made" and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a). Title VII claims brought in federal court are not limited to "the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)).

The failure to exhaust an administrative remedy is an affirmative defense that a defendant must raise. *Luebano v. Office Depot, L.L.C.*, No. 22-50767, 2023 WL 4249268 at *3 (5th Cir. June 29, 2023) (citing *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018)). A failure to exhaust defense can be asserted at the motion to dismiss stage "only if the defense is evident on the face of the complaint." *Id.* (citing *EPCO Carbon Dioxide Prods., Inc., v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006)). A plaintiff's complaint must contain an allegation that he has exhausted his administrative remedies with the EEOC. *See Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 906 (11th Cir. 2010) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)) ("[A] plaintiff must generally allege in [his] complaint that all conditions precedent to the institution of the lawsuit have been fulfilled."); *Pérez-Abreu v. Metropol Hato Rey LLC*, 5 F.4th 89, 95 (1st Cir. 2021) ("Because filing an administrative charge of discrimination is a prerequisite to bringing a civil suit under . . . Title VII, courts have routinely required plaintiffs to include an allegation of exhaustion in their complaints.").

Here, Sollazzo failed to allege that he exhausted his administrative remedies with the EEOC. Sollazzo did not allege that he exhausted his administrative remedies with the EEOC in his complaint, amended complaint, opposition to Defendant's motion to dismiss, or any other filing in the record. Furthermore, Sollazzo did not assert that he received an EEOC charge or that he requested or received a notice of right to sue letter from the EEOC. Sollazzo did not advance a single argument or fact to rebut Defendant's assertion that he failed to exhaust administrative remedies with the EEOC. Because he has not exhausted his

administrative remedies, Plaintiff is barred from pursuing his claims in federal court. Plaintiff's claims must be dismissed.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's motion to dismiss for failure to state a claim [Record Document 11] is **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**. A judgment will issue alongside this order.

**THUS DONE AND SIGNED** this 12th day of September, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE